UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN PAMELA MIMS,

    Plaintiff,

    v.

AURORA LOAN SERVICES, LLC, et al.,

    Defendants.
_____/

No. C 09-3766 PJH

**ORDER GRANTING MOTION TO REMAND**

    Plaintiff's motion to remand and defendants' motions to dismiss the underlying complaint came on for hearing before the court on November 25, 2009. Plaintiff, Karen Mims, appeared in pro per. Defendant Aurora Loan Services, LLC ("Aurora") appeared through its counsel, Justin Balser, defendant Mortgage Electronic Registration System, Inc. ("MERS") appeared through its counsel, Joshua Abel, and defendants Homecomings Financial LLC and ETS Services, LLC (collectively "Homecomings") appeared through their counsel, Marcus Brown. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS plaintiff's motion to remand and DENIES as moot defendants' motions to dismiss, for the reasons stated at the hearing, and summarized as follows:

    The Notice of Removal filed on August 17, 2009 by Aurora (subsequently joined by MERS) is procedurally deficient. As Aurora concedes, a default in the state court action was taken against it on August 14, 2009, and no motion to set aside the default was filed prior to the notice of removal being filed in this court. See Aurora Br. ISO Remand Opp. at 2:15-17; see also generally Declaration of Justin D. Balser ISO Aurora Remand Opp. ("Balser Decl."). While Aurora alleges that entry of the default was due to a "clerical error,"

and of dubious "legal effect," this does not change the fact that a default against Aurora was validly in effect at the time of removal, or that removal prior to resolution of the default issue – followed by the subsequent filing of motions to dismiss going to the merits of the underlying action – was premature. Furthermore, and in view of these deficiencies, defendant MERS' joinder was also not proper (Homecomings never even filed a formal joinder).

For these reasons, and notwithstanding the appearance of a federal constitutional claim on the face of plaintiff's complaint, the court hereby GRANTS plaintiff's motion to remand, so that defendant(s) may have the opportunity to cure the above-noted procedural deficiencies. In addition, the court notes that if – as plaintiff stated at the hearing on this matter – she included the federal claim in her complaint by accident or mistake, plaintiff should avail herself of any applicable right to amend her complaint in state court, in order to make clear the precise nature of all asserted claims.

The court furthermore DENIES as moot defendants' motions to dismiss, in view of the remand of this action. Said dismissal shall not, however, serve as an adjudication of the merits. The motions will be administratively terminated for docketing purposes; however, the termination is without prejudice to defendants' right to re-file the motions at a future date, should defendants find a proper basis upon which to once again remove plaintiff's state court complaint, after the remand ordered herein is effected and the default issue noted above resolved.

**IT IS SO ORDERED.**

Dated: December 8, 2009

PHYLLIS J. HAMILTON
United States District Judge

2